FILED
OFFICE OF THE
CIRCUIT CLERK

SEP 0 7 2021

FULTON COUNTY
ARKANSAS
10:59am

IN THE CIRCUIT COURT OF FULTON COUNTY ARKANSAS
I DIVISION

ANDREA WOLVERTON                                                PLAINTIFF

Vs.                    CASE NO. 25CV-21-54

MAZDA MOTOR OF AMERICA, INC.                                    DEFENDANT

## COMPLAINT

Comes now the Plaintiff, by and through her counsel, Lloyd W. Kitchens, and for her Complaint states:

1. Plaintiff is an individual resident of Fulton County Arkansas.

2. Defendant Mazda Motor of America, Inc. is a foreign for profit corporation doing business in the State of Arkansas. Service may be obtained by serving the registered agent, CT Corporation System, 124 West Capitol Ave., Suite 1900, Little Rock AR 72201.

3. The events complained of herein took place in Fulton County Arkansas. This Court has jurisdiction to hear this matter and is the proper venue.

4. This case arises from a motor vehicle accident in a car driven by the Plaintiff, a 2002 Mazda MPV, VIN JM3LW28A220324601.

5. The vehicle in question was put into the stream of commerce by the Defendant.

6. Plaintiff was struck by another vehicle, causing dramatic damage to the front driver's side of the vehicle.

7. The airbag in the vehicle did not deploy.

8. The vehicle in question was not equipped with side curtain airbags.

9. The failure of the airbag to deploy, and the failure of the vehicle to be equipped with side curtain airbags, resulted in severe and permanent injuries to the Plaintiff.

## COUNT I
## STRICT LIABILITY / PRODUCT LIABILITY

10. At all times relevant to the Complaint, Defendant was in the business of designing, developing, testing, assembling, manufacturing, marketing, and distributing vehicles for consumer use, including on the streets and highways in Arkansas, including the 2002 Mazda MPV owned by the Plaintiff.

11. Absent ordinary wear and tear, including foreseeable use, the subject vehicle was in substantially the same condition at the time of the crash as it was when it left Mazda's possession.

12. The 2002 Mazda MPV was defective and unreasonably dangerous at the time it was manufactured and supplied by Mazda.

13. Mazda was in the business of designing, developing, testing, assembling, manufacturing, marketing, and distributing motor vehicle at the time the subject vehicle was introduced into the chain of commerce in Arkansas.

14. The Defendant profited from the sale of the subject vehicle despite the fact that it was in a defective condition that rendered it unreasonably dangerous for anticipated use by consumers.

15. The defects including design defects, manufacturing defects, marketing defects, and defects in warnings, all of which combined to be a cause and/or contributing cause of Plaintiff's collision and injuries, including all resulting damages suffered and sought by the Plaintiff herein.

16. The dangers were reasonably foreseeable or scientifically discoverable.

17. The defects included, but were not limited to the following:

   a. The vehicle was defective and unreasonably dangerous from an occupant crash protection standpoint; and

   b. The vehicle was not equipped with reasonably safe occupant protection equipment that was readily available to Mazda; equipment that Mazda knew was necessary for occupant safety in the MPV.

The defects referenced were the proximate and producing cause of the injuries and enhanced injuries.

18. Mazda had both actual and objective knowledge that the design of the MPV was unreasonably dangerous, defective and not fit or ordinary use as marketed.

## COUNT II
## NEGLIGENCE

19. Plaintiff restates and incorporates the preceding paragraphs as if set forth herein verbatim.

20. At all times relevant to this Complaint, Mazda was in the business of supplying motor vehicles for use on the public roadways.

21. Mazda held itself out to the public as having specialized knowledge in the industry, including in occupant protection and safety features.

22. As such, Mazda owed consumers, including Plaintiff, a duty to use reasonable care in the design, manufacture, preparation, testing, instructing, and warnings for the subject Mazda MPV.

23. Mazda violated this duty by negligently supplying a vehicle that was defective and posed grave risk of danger to the Plaintiff from an occupant protection standpoint.

24. The negligent acts include but are not limited to the following acts or omissions:

   a. Negligent design of the vehicle and occupant protection features;

b. Negligent manufacture of the vehicle and occupant protection features;

c. Negligent testing of the vehicle and occupant protection features;

d. Negligent marketing of the vehicle and occupant protection features;

e. Negligent design and performance specifications for the vehicle and occupant protection features;

f. Negligent selection of safety features, including safety belts, airbags and other alternative equipment;

g. Negligent selection of the safety belt system;

h. Negligent selection of the airbag system;

i. Negligent testing of the vehicle and occupant protection features;

j. Negligent in failing to appropriately warn consumers, including the Plaintiff, of the dangers and risks posed by the vehicle and occupant protection features;

k. Negligent failure to inform the consumers, including the Plaintiff, of information Mazda knew, prior to the purchase, of the defective condition of the vehicle and the dangerous risk posed in the event of certain types of accidents;

l. Failure to take appropriate and timely steps to remove the defective vehicles from the marketplace and/or remedy the defects in a timely and safe manner once it knew or had reason to know that unreasonable risks existed for vehicles equipped with this particular airbag system;

m. Negligently failing to comply with applicable industry customs and practices with respect to the design and performance of the MPV;

    n. Negligently failing to comply with notice requirements once Mazda knew or had reason to believe the MPV contained a defective components; and

    o. Failing to recall and/or remedy defects in a timely and effective manner so as to reduce the risk of injury or death to consumers.

25. The foregoing acts of negligence were a cause and/or contributing cause of Plaintiff's injuries, enhanced injuries and damages suffered and sought by Plaintiff herein. The dangers referenced earlier were reasonably foreseeable or scientifically discoverable at the time of exposure.

26. As a proximate result of the Defendant's actions the Plaintiff has suffered painful and permanent personal injuries, incurred past and future medical expenses, incurred past and future lost income, and other out of pocket expenses.

WHEREFORE, Plaintiff prays for a judgment against the Defendant in an amount sufficient to compensate her for her injuries, and in excess of the minimum amount for Federal Diversity of Citizenship cases ($75,000) and for all other just and proper relief.

    Respectfully submitted,

    THE BRAD HENDRICKS LAW FIRM
    500 C Pleasant Valley Drive
    Little Rock, Arkansas 72227
    (501) 221-0444
    (501) 661-0196 facsimile
    *tkitchens@bradhendricks.com*

    BY: _____
    Lloyd W. "Tre" Kitchens, ABN 99075